IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OMAR GUTIERREZ,**

    **Petitioner,**

    v.

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 2:17-cv-1119**
**Judge George C. Smith**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, as amended (ECF Nos. 1, 12), Respondent's Return of Writ (ECF No. 16), Petitioner's Motion for Federal Relief Pursuant to U.S.C. § 2254 (ECF No. 27) and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.  BACKGROUND

Petitioner challenges his underlying convictions pursuant to his guilty plea in the Delaware County Court of Common Pleas on possession of cocaine and complicity to trafficking in cocaine. He asserts that his state-court convictions violate the Double Jeopardy Clause and violate provisions of Ohio law, because he pleaded guilty in federal court and has already been punished on federal charges that involved these same acts. (ECF No. 27, PAGEID # 729.) The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On November 8, 2011, appellant was charged in federal court with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of

21 U.S.C. 846 and 841(a)(1) and (b)(1)(C). Specifically, appellant was charged with conspiring to distribute and possess with intent to distribute heroin and cocaine within the southern district of Ohio and elsewhere between January 1, 2006, and September 12, 2011. Appellant pled guilty on the same day pursuant to a cooperation agreement with the federal government, wherein appellant would exchange information and become a witness for a lesser sentence. Appellant was released on bond.

{¶ 3} On October 5, 2012, the Delaware County Grand Jury indicted appellant on one count of possession of cocaine and one count of complicity to trafficking in cocaine in violation of R.C. 2925.11 and R.C. 2925.03/2923.03, both with major drug offender specifications. The indictment alleged appellant committed the offenses on or about September 27, 2012. The major drug offender specification carried a mandatory maximum sentence of eleven years.

{¶ 4} Over the next two and one-half years as appellant cooperated with the federal government, both federal and state agents worked on resolving both cases to everyone's satisfaction. Several defense attorneys and federal and state prosecutors and judges were involved in the ongoing negotiations. Purportedly, the state of Ohio was under the belief that appellant would cooperate with the federal government and then receive a lengthy federal sentence and face deportation.

{¶ 5} On May 15, 2015, the federal court formally accepted appellant's November 8, 2011 plea.FN1 Following a change of defense counsel, the assignment of a new judge, and several continuances, appellant withdrew his guilty plea and pled to a lesser included offense on January 7, 2016. According to his superseding plea agreement, appellant agreed that his advisory guideline sentence should be calculated on 3 kilograms of heroin and 15 kilograms of cocaine with a base offense level of 34. According to a second revised presentence investigation report dated February 1, 2016, appellant was accountable for 1 kilogram of heroin and 12.5 kilograms of cocaine which is the equivalent of 3,500 kilograms of marijuana for sentencing purposes. Under the federal sentencing guidelines, offenses involving at least 3,000 but less than 10,000 kilograms of marijuana have a base offense level of 32. Based on a total offense level of 32, without mitigating factors, the advisory guideline provision on sentencing was between 135 and 168 months in prison.

FN1: Appellant's brief indicates the plea was not accepted by the federal court until May of 2015. We find nothing in the record to support the date. Appellee does not dispute the time frame. We accept the date. The filing in May 2015 of the November 8, 2011 plea has no bearing on the issues presented.

{¶ 6} A sentencing hearing was held in federal court on February 26, 2016. By the Judgment in a Criminal Case filed March 2, 2016, the federal court sentenced appellant to time served as of February 29, 2016 (41 months), as well as five years of supervised release.

{¶ 7} On May 25, 2016, appellant filed a motion to dismiss with the state court, claiming R.C. 2925.50 barred his prosecution in the state of Ohio. By judgment entry filed June 14, 2016, the trial court denied the motion, first stating it was unable to grant a pretrial dismissal of criminal charges, but then finding R.C. 2925.50 did not apply because appellant in his federal case was not prosecuted for, convicted of, or sentenced for the offenses in the state case.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 9} "THE TRIAL COURT ERRED WHEN IT RULED THAT IT WAS PROCEDURALLY BARRED FROM RULING ON MR. GUTIERREZ'S MOTION TO DISMISS."

II

{¶ 10} "REVISED CODE 2925.50 BARS THE STATE OF OHIO FROM PROSECUTING A DEFENDANT FOR CONDUCT WHICH FORMED PART OF A FEDERAL CONVICTION AND SENTENCE."

*State v. Gutierrez*, 87 N.E.3d 812, 813-15 (Ohio Ct. App. 2017). On March 28, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On December 6, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Gutierrez*, 151 Ohio St.3d 1455 (Ohio 2017).

On December 20, 2017, Petitioner filed this *pro se* habeas corpus Petition. On April 27, 2018, he amended the Petition to assert as follows:[1]

(1) The trial court erred when it ruled that it was procedurally barred from ruling on Mr. Gutierrez's Motion to Dismiss.

(2) The trial court erred in denying the Motion to Dismiss because 2925.50 bars the State from prosecuting Petitioner for conduct which formed part of a federal conviction and sentence.

---

[1] Petitioner has withdrawn his prior claims for relief (formerly claims one through three), choosing to proceed solely on his claims raised in his amended Petition. (*See Motion for Federal Relief Pursuant to U.S.C. § 2254,* ECF No. 27, PAGEID # 730.)

3

It is the position of the Respondent that these claims fail to provide a basis for relief.

## II. STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the standards of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") govern this case. The United States Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under the AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson,* 134 S.Ct. 513 (2013). The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,] or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405. 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id*. at 748-49. The burden of satisfying the AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

In claim one, Petitioner asserts that the trial court improperly determined that it was procedurally barred from ruling on his Motion to Dismiss the Indictment under Ohio Rev. Code § 2925.50. Petitioner also asserts, in claim two, that his conviction is barred under Ohio Rev. Code § 2925.50 because it involves the same acts for which he has already been sentenced pursuant to his guilty plea on federal charges in federal court. Petitioner argues that the state

5

appellate court unreasonably applied *Blockburger* in rejecting his claims and that *Witte v. United States,* 515 U.S. 389 (1995)—which holds that consideration of uncharged conduct for sentencing purposes does not constitute punishment thereby barring subsequent prosecution for those uncharged acts under the Double Jeopardy Clause—does not bar him from obtaining relief. (*See Motion for Federal Relief Pursuant to U.S.C. § 2254*, ECF No. 27, PAGEID # 733-41.)

Respondent counters that these issues involve alleged violations of state law that do not provide Petitioner a basis for relief; that Petitioner has waived any federal issue for review in this Court by failing to present it to the state appellate court and by entry of his guilty plea; and alternatively, that his claims lack merit.

**State-Law Claims**

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here. Thus, Petitioner's assertion in claims four and five that the trial court violated O.R.C. § 2925.50 or abused its discretion

when it ruled it was procedurally barred from ruling on his motion to dismiss does not warrant federal habeas corpus relief.

**Exhaustion**

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v.Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986). The fair presentment requirement "is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment." *Spence v. Sheets*, 675 F.Supp.2d 792, 806 (S.D. Ohio 2009). A petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self-evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983) (citing *Harless,* 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal

constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

**Application**

**A.     Claim One**

Here, Petitioner filed a Motion to Dismiss in the state trial court, arguing that the charges against him should be dismissed under Ohio Rev. Code § 2925.50 because his federal conviction on conspiracy charges encompassed the same September 27, 2012 acts charged in Delaware County. (*Motion to Dismiss*, ECF No. 15, PAGEID # 257-58.)  In his Reply Memorandum in Support of the Motion to Dismiss (ECF No. 15, PAGEID # 273), Petitioner also argued that his continued prosecution would violate the Double Jeopardy Clause, because it involved the same acts, referring to *Brown v. Ohio*, 432 U.S. 161 (1977), and other federal cases in support of this claim.  (See PAGEID # 273-76.)  The trial court held that Ohio law did not permit dismissal of the charges prior to trial, but even if it did, the federal and state charges were unrelated such that no basis for dismissal of the charges exists under either state or federal law. (*Judgment Entry Denying the Defendant's 5/25/16 Motion to Dismiss*, ECF No. 15, PAGEID # 285-89.)  On appeal, referring to *State v. Anderson*, 138 Ohio St.3d at 264 (Ohio 2014) (the denial of a motion to dismiss on double jeopardy grounds constitutes a final appealable order), Petitioner argued that the trial court had improperly held that it could not grant a pre-trial motion to dismiss based on double jeopardy grounds and asserted that his continued prosecution on state charges involved the "same act" under the test of *Blockburger v. United States*, 284 U.S. 299 (1932), thereby barring his prosecution under Ohio Rev. Code § 2925.50.  Petitioner further argued that *Witte,* 515 U.S. at 389 (1995), did not operate to bar him from obtaining relief.  (*See Merit Brief of Defendant-Appellant Omar Osualdo Gutierrez*, ECF No. 15, PAGEID # 371-407.)  The state

8

appellate court rejected these arguments, stating that the trial court had, in fact, denied the Motion to Dismiss on the merits as contrasted with a denial on procedural grounds.

Thus, the record does not support Petitioner's assertion that the trial court improperly denied his Motion to Dismiss on procedural grounds. The appellate court found that the trial court had denied the motion on the merits. This is a factual finding that is presumed to be correct in these proceedings. 28 U.S.C. § 2254(e). Moreover, the issue plainly involves only the alleged violation of state law and does not provide Petitioner a basis for relief. Federal habeas corpus relief may only be granted where the state court unreasonably applies or contravenes federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Kernan v. Cuero*, -- U.S. --, --, 138 S.Ct. 4, 9 (2017) (citing *Woods v. Donald*, 575 U.S. --, --, 135 S.Ct. 1372, 1377 (2015) (*per curiam*). Such are not the circumstances here. State-court decisions do not constitute "clearly established federal law." *Id*.

In short, claim one does not provide a basis for federal habeas corpus relief.

**B.    Claim Two**

The state appellate court rejected Petitioner's claim that the trial court had improperly denied his Motion to Dismiss as barred under O.R.C. § 2925.50 as follows:

> [A]ppellant claims the trial court erred in denying the motion to dismiss because R.C. 2925.50 bars the state from prosecuting him for conduct which formed part of a federal conviction and sentence. We disagree.
>
> {¶ 19} R.C. 2925.50 states: "If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state." " 'Federal drug abuse control laws' means the 'Comprehensive Drug Abuse Prevention and Control Act of 1970,' 84 Stat. 1242, 21 U.S.C. 801, as amended." R.C. 3719.01(I). It is undisputed that appellant was convicted under the federal drug abuse control laws.
>
> {¶ 20} Appellant argues R.C. 2925.50 is applicable in this case because he was convicted under federal drug abuse control laws for the same act as charged in the

9

state of Ohio. He argues the federal conspiracy charge included his September 27, 2012 acts in Delaware County. In support, he cites "Sealed Exhibit A" filed June 14, 2016, and urges this court to compare the federal charge with the state charges. This exhibit is a "Second Revised Presentence Investigation Report" prepared by a senior United States probation officer. Under "Part A, The Offense, Charge(s) and Conviction(s)," the report indicates appellant pled guilty to a lesser included offense of Count One of a one-count indictment, and continues as follows:

Count One charges that between January 1, 2006 and September 14, 2011, within the Southern District of Ohio and elsewhere, Omar Gutierrez, together with others, did conspire to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Notably, according to the Government, the period of time stated in the indictment should actually read "between January 1, 2006 and September 12, 2011."

{¶ 21} By the Judgment in a Criminal Case filed March 2, 2016, attached to defendant's May 25, 2016 motion to dismiss, the federal court noted appellant pled guilty to a lesser included offense of a single-count information. The federal court sentenced him on the charge of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C). The judgment specifically states the offense ended on November 8, 2011.

{¶ 22} In comparison, the October 5, 2012 indictment in the state case alleged in Count One in part that on or about September 27, 2012, appellant "did knowingly obtain, possess, or use Cocaine, a Schedule II controlled substance, in an amount equaling or exceeding 100 grams but less than 2000 grams, to wit: 1988 grams" in violation of R.C. 2925.11(A), Possession of Cocaine. Count Two alleged in part on or about September 27, 2012, appellant,

acting with the kind of culpability required for the commission of an offense, did aid or abet another in committing the offense of Trafficking in Cocaine, to wit: did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute Cocaine, a schedule II controlled substance, when OMAR OSUALDO GUTIERREZ, knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by himself or another person, the amount of Cocaine involved equaled or exceeded 100 grams but less than 2000 grams, to wit: 1988 grams

* * *

this being in violation of Section 2923.03(A)(2) as it relates to 2925.03(A)(2) of the Ohio Revised Code, Complicity To Trafficking In Cocaine* * *.

{¶ 23} Although the second revised presentence investigation report discusses, "Re–Arrest of Gutierrez on September 27, 2012," and the underlying facts, the May 2, 2016 Judgment in a Criminal Case very clearly states the offense ended on

November 8, 2011. There is no indication in the record that appellant was convicted in federal court under the federal drug abuse control laws for the same acts as those charged in the state of Ohio. The state offenses resulted from acts that took place on or about September 27, 2012, one year after the latest date covered by the federal indictment (January 1, 2006, to September 14, 2011) and ten months after the "offense ended date" (November 8, 2011) listed in the federal court's Judgment in a Criminal Case.

{¶ 24} In his June 13, 2016 reply memorandum in support of his motion to dismiss, appellant argued his federal plea agreement "took into account not only the time frame set forth in the indictment," but also his acts committed "in or about September 2012." Attached to the reply memorandum is appellant's "Superseding Plea Agreement."FN2 Appellant argued in the agreement at ¶ 5(a)(1) and (2), the United States Attorney for the Eastern District of New York ("Office") agreed to the following:

FN2: We note this agreement is not dated and is unsigned because appellant likely retrieved the document via the electronic federal court docket (PACER). Appellant's Brief at 1. Appellant urges this court to take judicial notice of the document under Evid.R. 201(A)–(C) and (F), and appellee has not objected. We will take judicial notice of this document, although we find the better practice would have been to obtain a certified copy of the document or file an affidavit along with the document attesting to its origination. We also note the transcript of the January 7, 2016 plea hearing in federal court has not been provided for our review, which renders us unable to review the agreement within the context of a discussion between the parties.

5. The Office agrees that:

a. no further criminal charges will be brought against the defendant for:

1. conspiracy to possess with intent to distribute heroin and cocaine and possession with intent to distribute heroin and cocaine, all from the period between January 1, 2007 and September 14, 2011;

2. conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in or about September 2012;

{¶ 25} We find this paragraph does not establish that appellant was "convicted" under the federal drug abuse control laws for the "same act" because the language can be read as the U.S. Attorney agreeing not to bring criminal charges against appellant for his state acts under the dual sovereignty doctrine: "[A] defendant may be subjected to successive trials at both the state and federal levels for the same act or offense." State v. McKinney, 80 Ohio App.3d 470, 473, 609 N.E.2d 613 (2d Dist.1992). We note ¶ 7 of the Superseding Plea Agreement states: "This agreement

does not bind any federal, state, or local prosecuting authority other than the Office* * *."

{¶ 26} Appellant argues the following in his brief at 15:

In using the 2012 Delaware transaction as relevant conduct in sentencing, the federal court found by a preponderance of the evidence that Mr. Gutierrez was responsible, and thus guilty of, the criminal conduct that took place in Delaware County in 2012. Because that conduct was used to sentence Mr. Gutierrez, he was sentenced for that conduct, fulfilling the definition of "conviction" in Ohio: a finding of guilt and an accompanying sentence.

{¶ 27} Although "preponderance of the evidence" may be the applicable degree of proof for purposes of determining "relevant conduct," it has no bearing on criminal liability because "beyond a reasonable doubt" is the applicable degree of proof to establish guilt in criminal cases.

{¶ 28} "Conviction" is defined as: "In a general sense, the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 333 (6th Ed. 1990). Fed.R.Crim.P. 32(k) governs judgment and states in pertinent part: "In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. * * * The judge must sign the judgment, and the clerk must enter it." Similarly, Ohio Crim.R. 32(C) governs judgment and states in pertinent part: "A judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." In State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one the syllabus, the Supreme Court of Ohio held:

A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R.32(C), explained; State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)

{¶ 29} "Relevant conduct" is defined in 18 U.S.C.S. app. 1B1.3 as follows:

(a) Chapters Two (Offense Conduct) and Three (Adjustments). Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—

(i) within the scope of the jointly undertaken criminal activity

(ii) in furtherance of that criminal activity, and

(iii) reasonably foreseeable in connection with that criminal activity;

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

(3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and

(4) any other information specified in the applicable guideline.

{¶ 30} Commentary Application Note 1 to the statute states the following:

1. Sentencing Accountability and Criminal Liability.—The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which the defendant is *819 to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.

{¶ 31} Based upon this application note, it would seem the U.S. Congress, in enacting 18 U.S.C.S. app. 1B1.3, intended for sentencing accountability to be broader in scope than criminal liability. The use of "relevant conduct" in sentencing appellant in federal court is not synonymous with "convicting" him of the September 2012 state acts in federal court. Although the federal court included the September 2012 cocaine amount in its offense level computation as set forth in Sealed Exhibit A at ¶ 9, 10, and 31, the added amount did not affect the base offense level of 32.FN3 Subtracting the 2.5 kilograms of cocaine associated with the state's case would leave the equivalent of 3,000 kilograms of marijuana which is the minimum amount for a base offense level of 32. Sealed Exhibit A, ¶ 9, 10, and 16. *See, Witte v. United States*, 515 U.S. 389, 398 and 406, 115 S.Ct. 2199, 132 L.Ed.2d

351 (1995) ("we specifically have rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime" and "consideration of relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute punishment for that conduct.")FN4

FN3: We note ¶ 9 mentions "Illinois" and we accept appellant's argument in his brief at 9 that it should read "Ohio."

FN4: We acknowledge the Witte case involved a pure double jeopardy analysis, but find it is relevant to the analysis sub judice.

{¶ 32} Based on the definition of "conviction" in relation to the use of relevant conduct for federal sentencing purposes, we do not find appellant was "convicted" under the federal drug abuse control laws for the "same act" committed in Ohio in September 2012 under the facts of this case. We find appellant's acts in Ohio were committed separately and with a different motivation than his 2011 charged acts in federal court.

{¶ 33} As appellant succinctly states in his brief at 17: "Its [R.C. 2925.50] application hinges on whether the federal sentencing practice of considering 'relevant conduct' uncharged in an information or indictment, but used to calculate a final sentence, fulfills the 'conviction or acquittal' and 'same act' requirements of the statute." For the reasons cited above, we find R.C. 2925.50 does not apply to the facts of this case.

{¶ 34} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶ 35} Assignment of Error II is denied.

{¶ 36} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

*State v. Gutierrez*, 87 N.E.3d at 815-19.

It is clear that once again, the crux of Petitioner's second claim concerns the state court's application of Ohio Rev. Code § 2925.50, *i.e.*, an issue involving the alleged violation of state law, and consequently does not provide Petitioner a basis for relief. 28 U.S.C. § 2254(a). Further, this Court defers to a state's interpretation of its own laws on issues regarding the application of state law. *Beavers v. Franklin Cty. Adult Prob.*, No. 2:13-cv-00404, 2016 WL

5660275, at *1 (S.D. Ohio Sept. 29, 2016) (citing *Troiano v. Warden, Ross Corr. Inst.*, No. 2:12-CV-940, 2015 WL 196405, at *10 (S.D. Ohio Jan. 15, 2015) (citations omitted)).

**Double Jeopardy Clause**

To the extent that Petitioner has preserved a federal claim for review in these proceedings, that claim fails. The Double Jeopardy Clause does not prohibit prosecution of a criminal defendant for the same acts under both state and federal law. "The doctrine of dual sovereignty provides that successive prosecutions by separate sovereigns, that is, a state and the United States, for crimes arising out of the same acts are not barred by the Double Jeopardy Clause." *United States v. Rivera*, 86 F. App'x 922, 923 (6th Cir. 2004) (citing *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985)); *see also United States v. Lara*, 541 U.S. 193, 210 (2004) (prosecution by separate sovereigns does not violate the Double Jeopardy Clause). As the Sixth Circuit recently explained:

> [T]he consideration of relevant conduct resulting in [a sentencing] ehancement is not "punishment" for Double Jeopardy purposes. *See United States v. Watts*, 519 U.S. 148, 154–56, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (holding that a sentencing court could consider relevant conduct of which defendant had been previously acquitted for sentencing purposes); *Witte v. United States*, 515 U.S. 389, 403–04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (holding that a sentencing court could, consistent with the Double Jeopardy Clause, consider uncharged cocaine importation in imposing a sentence for marijuana offenses that was within the statutory range, without precluding the defendant's subsequent prosecution for the cocaine offense); *United States v. Mack*, 938 F.2d 678, 681 (6th Cir. 1991) ("An enhanced sentence because of a prior conviction is no more double jeopardy than is a consideration of other relevant conduct, including the likelihood of a subsequent conviction.").

*United States v. Dyer*, 908 F.3d 995, (6th Cir. 2018).

Accordingly, claim two does not provide a basis for relief.

## IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE